MARC G. REICH (SBN 159936)
mgr@reichradcliffe.com
ADAM T. HOOVER (SBN 243226)
adhoover@reichradcliffe.com
REICH RADCLIFFE & HOOVER LLP
2030 Main Street, Suite 1300
Irvine, CA 92614
Telephone:    (949) 975-0512
Facsimile:    (949) 208-2839

*Attorneys for Plaintiff Alexandre Roberts*

JOHN W. BERRY (SBN 295760)
john.berry@mto.com
JOHN M. GILDERSLEEVE (SBN 284618)
john.gildersleeve@mto.com
LAUREN C. BARNETT (SBN 304301)
lauren.barnett@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071
Telephone:    (213) 683-9100
Facsimile:    (213) 687-3702

*Attorneys for Defendants Rao Mulpuri, Toby
Cosgrove, Lisa Picard, and Nigel Gormly, and
Nominal Defendant View, Inc.*

Additional Counsel on Signature Page

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDRE ROBERTS, Derivatively on Behalf of Nominal Defendant VIEW, INC., <br><br> Plaintiff, <br><br> v. <br><br> RAO MULPURI, VIDUL PRAKASH, TOBY COSGROVE, LISA PICARD, and NIGEL GORMLY, <br> Defendants. <br><br> and, <br><br> VIEW, INC., <br><br> Nominal Defendant. | Case No. 5:23-cv-2248-BLF <br><br> **JOINT STIPULATION AND [PROPOSED] ORDER TO STAY PROCEEDINGS** |

WHEREAS, on May 9, 2023, Plaintiff Alexandre Roberts ("Plaintiff") filed a stockholder derivative action (the "Roberts Action") on behalf of Nominal Defendant View, Inc. ("View" or the "Company") in this Court alleging claims for breach of fiduciary duty, unjust enrichment, waste of corporate assets, and for contribution under Sections 10(b) and/or Section 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") against defendants Rao Mulpuri, Vidul Prakash, Toby Cosgrove, Lisa Picard, and Nigel Gormly;

WHEREAS, an earlier-filed and factually related putative securities class action is pending in this Court, captioned *Mehedi et al. v. View, Inc. f/k/a CF Finance Acquisition Corp. II et al.*, C.A. No. 21-6374 (the "Securities Litigation"), in which the plaintiff asserts federal securities claims against the Company and certain of its current and former officers and directors (five of whom are named as defendants in the Roberts Action), among other defendants;

WHEREAS, on May 22, 2023, the Court granted defendants' motions to dismiss the Securities Litigation, with leave to amend by August 21, 2023;

WHEREAS, on August 1, 2023, the Court ordered that the Roberts Action should be related to the Securities Litigation and reassigned to this Court, the Honorable Beth Labson Freeman presiding;

WHEREAS, the Roberts Action and the Securities Litigation are premised upon overlapping alleged conduct and the claims and defenses in the Roberts Action may be informed by resolution of motions to dismiss in the Securities Litigation;

WHEREAS, pursuant to the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(b)(3)(B), "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss" and as a result, unless and until the Court in the Securities Litigation denies any forthcoming motions to dismiss to be filed by the Securities Litigation defendants, all discovery and other proceedings in the Securities Litigation will be stayed;

WHEREAS, an earlier-filed and consolidated derivative proceeding on behalf of Nominal Defendant View is pending in the United States District Court for the District of Delaware and is

premised upon overlapping alleged conduct as the Roberts Action (*In re View, Inc. Derivative Litigation*, C.A. No. 21-1719-GWB (Consolidated));

WHEREAS, the proceedings in *In re View, Inc. Derivative Litigation* are temporarily stayed by order of the court pending resolution of the motions to dismiss in the Securities Litigation;

WHEREAS, in an effort to proceed in the most efficient manner, the Parties similarly agree that it would save judicial and party resources to (i) temporarily stay the Roberts Action in its entirety (including all discovery) until the Securities Litigation is dismissed in its entirety with prejudice and all appeals related thereto have been exhausted or is resolved or dismissed by settlement, or the motions to dismiss the Securities Litigation are denied and the PSLRA stay dissolves as a matter of law, and (ii) adjourn the deadline for all Defendants to move, answer, or otherwise respond to any complaints filed in the Roberts Action.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between the Parties, through their undersigned counsel and subject to the approval of the Court, that the following provisions should govern the above-captioned actions:

1. All proceedings in the Roberts Action, including but not limited to all motion practice, obligations to respond to any complaint, and all discovery and disclosure obligations under the applicable local and federal rules, shall be stayed temporarily until either (1) the Securities Litigation is dismissed in its entirety, with prejudice, and all appeals related thereto have been exhausted, or is resolved or dismissed by settlement; or (2) the motions to dismiss the Securities Litigation are denied, and the PSLRA stay dissolves as a matter of law. Defendants are not required to move, answer, or otherwise respond to the complaint filed on May 9, 2023 in the Roberts Action. Defendants likewise shall not be required to move, answer, or otherwise respond to any substantially similar derivative complaints that are subsequently filed and consolidated into

the Roberts Action.

2.     Notwithstanding the above, any of the Parties to this Stipulation may request that the Court lift the stay upon good cause shown by giving the other Parties at least twenty (20) business days' written notice that they believe such good cause exists and thereafter bringing the matter to the Court's attention and requesting that the voluntary stay be lifted.

3.     This Order shall apply to each derivative case arising out of the same, or substantially the same, transactions or events as the Roberts Action, that is subsequently filed in, removed to, reassigned to, or transferred to this Court. When a derivative case that properly belongs as part of the Roberts Action is hereafter filed in this Court, reassigned to this Court, or transferred here from another court, counsel shall call to the attention of the Clerk of the Court the filing, reassignment, or transfer of any derivative case that might properly be consolidated as part of the Roberts Action, and counsel are to assist in assuring that counsel in subsequent actions receive notice of this Order.

4.     The Parties agree that during the pendency of this stay, Defendants shall make a good faith effort to inform Plaintiff promptly of any mediation or settlement discussions with the plaintiff in the Securities Litigation and/or with any purported plaintiff in any related derivative lawsuit proceeding on the same or a similar set of facts as those alleged in the Roberts Action, and shall make a good faith effort to include Plaintiff in such mediation or settlement discussions.  If any other party objects to including Plaintiff in any such mediation, then Defendants agree to separately mediate with Plaintiff at or about the same time.

5.     Counsel for Defendants shall promptly notify Plaintiff if Defendants are served with any other stockholder derivative lawsuit initiated on behalf of View based on the same or a similar set of facts as those alleged in the Roberts Action and shall promptly notify Plaintiff of any books and records action initiated against View based on the same or a similar set of facts as those

alleged in the Roberts Action of which Defendants become aware.

6.     In the event that during the pendency of the stay Defendants agree to produce, or any of them are ordered to produce by a court of competent jurisdiction, any documents in the Securities Litigation or in any other related stockholder derivative litigation or demand for an inspection of books and records asserting the same or substantially similar claims then Defendants shall provide copies of such documents concerning the conduct challenged in the Roberts Action to counsel for Plaintiff within ten (10) business days thereafter, subject to the Parties' execution of a confidentiality agreement governing the use and disclosure of these materials on substantially identical terms as any agreement or order entered into by the parties in the Securities Litigation or in any such derivative litigation or in connection with any such shareholder demand.

7.     The provision of discovery materials pursuant to this Stipulation, if any, will not constitute a waiver of or in any way limit Defendants' substantive rights and defenses in the Roberts Action, including but not limited to Defendants' right to file a motion to dismiss, motion to stay, or other appropriate challenge, arguing that Plaintiff fails to adequately plead demand futility or make a pre-suit demand, nor will the provision of such materials, if any, constitute a waiver of or in any way limit Defendants' right to argue that Plaintiff is not entitled to conduct formal discovery prior to establishing that Plaintiff has adequately alleged standing.

8.     During the pendency of the stay, Plaintiff may file an amended complaint.  Without waiving any defenses or objections, Defendants need not answer, move, or otherwise respond to that amended complaint or any other complaint or amended complaint that is filed in or consolidated with the above-captioned action during the pendency of the stay.

9.     Upon occurrence of any of (1) the dismissal of the Securities Litigation in its entirety, with prejudice, by its court, and exhaustion of all appeals related thereto, or the settlement of the Securities Litigation; or (2) the denial of the motion to dismiss the Securities Litigation and

the dissolution of the PSLRA stay; then the Parties shall, within sixty (60) days, meet and confer regarding appropriate next steps in the Roberts Action and notify the Court within said sixty (60) days after the occurrence of either of the events mentioned in this Paragraph, and submit a proposed scheduling order governing further proceedings in the Roberts Action, including the filing of any amended complaint and the date by which Defendants must answer, move against, or otherwise plead in response to the operative complaint in the Roberts Action. Nothing in this Stipulation shall prevent or prejudice Defendants from moving for a continued stay of proceedings based on the pendency of other legal actions, or a change in facts related to this case or other legal actions.

10. The Parties expressly preserve, and do not waive, any and all claims, rights and defenses, and arguments in the Roberts Action, including defenses relating to jurisdiction, venue, or forum, except as to the absence of a summons or of service. No part of this Stipulation shall be construed as a waiver of any rights, claims, or defenses, including as to jurisdiction, venue, or forum.

11. This Stipulation supersedes any prior stipulation or agreement between the Parties regarding the subject matter hereof.

**IT IS SO STIPULATED.**

DATED: August 8, 2023

MUNGER, TOLLES & OLSON LLP
John W. Berry
John M. Gildersleeve
Lauren C. Barnett

*/s/ Lauren C. Barnett*
Lauren C. Barnett

*Attorneys for Defendants Rao Mulpuri, Toby Cosgrove, Lisa Picard, and Nigel Gormly, and Nominal Defendant View, Inc.*

DATED: August 8, 2023

MORRISON & FOERSTER LLP
   Anna Erickson White (SBN 161385)
   awhite@mofo.com
   Lara McDonough (SBN 340017)
   lmcdonough@mofo.com
   425 Market Street
   San Francisco, CA 94105
   Telephone: (415) 268-7000
   Facsimile: (415) 268-7522


_____*/s/ Anna Erickson White*_____
Anna Erickson White

*Attorneys for Defendant Vidul Prakash*

DATED: August 8, 2023

REICH RADCLIFFE & HOOVER LLP
   Adam T. Hoover
   Marc G. Reich


_____*/s/ Adam T. Hoover*_____
Adam T. Hoover


LIFSHITZ LAW PLLC
   Joshua M. Lifshitz (*Pro Hac Vice to be Submitted*)
   jlifshitz@lifshitzlaw.com
   1190 Broadway
   Hewlett, NY 11557
   Telephone: (516) 493-9780
   Facsimile: (516) 280-7376

*Attorneys for Plaintiff Alexandre Roberts*

## ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(h)(3)

I, Lauren C. Barnett, attest that concurrence in the filing of this document has been obtained from the other signatories. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 8th day of August, 2023, at Los Angeles, California.

_____*/s/ Lauren C. Barnett*_____
Lauren C. Barnett

# [PROPOSED] ORDER

Pursuant to the above Stipulation, **IT IS SO ORDERED.**

DATED: _____    _____

The Honorable Beth Labson Freeman
United States District Judge